UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA LAMAR MOORE,<br><br>Plaintiff,<br><br>v.<br><br>LORI BYRD and GRANT COUNTY SHERIFF,<br><br>Defendants. | CAUSE NO. 1:24-CV-333-HAB-SLC |

OPINION AND ORDER

Joshua Lamar Moore, a prisoner without a lawyer who goes by the name Joshua Davis, filed a complaint and a motion for a preliminary injunction regarding the care he is receiving for a pre-existing shoulder injury at the Grant County Jail. ECF 1, 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges that when he was arrested and booked into the Grant County Jail on January 17, 2024, he was under the care of a doctor for a shoulder injury he suffered several months earlier in a car accident. He says that the injury did not heal properly,

and he was scheduled for surgery. He entered the jail wearing an arm brace, but he was not allowed to keep it. Davis complains that he was housed in general population, not the medical ward, where he thought he belonged. When he requested to be placed in the medical ward and to be allowed to wear his arm brace, he contends that Lori Byrd denied his request.

Davis alleges that he later asked Lori Byrd, Tracy Sullivan, and Neal Propst if they had seen the medical records that he provided from his orthopedic doctor and if they had sent his doctor a request for the full records. All three of them stated that they sent a medical request, which Davis alleges was not true. Davis attaches as an exhibit to his complaint the back and forth he had with Lori Byrd via medical requests about scheduling an MRI, his medication, and his housing assignment. ECF 1-2 at 1-10.

On March 30, 2024, Davis asked Detention Deputy Childs to move him out of Cellblock 2B because of his injury; he did not want further damage done to his shoulder. His request was denied. Later, two inmates physically assaulted him, further damaging his shoulder.

Davis seeks damages in his complaint (ECF 1), and in his motion for a preliminary injunction (ECF 3), he seeks an order for surgery and physical therapy to fix his shoulder.

Pretrial detainees are entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to their health or safety. *Pittman v. Madison Cnty.*, No. 23-2301, -- F.4th --, 2024 WL 3422729, at *7 (7th Cir. July 16, 2024).

Whether a defendant provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 2024 WL 3422729, at *7 (emphasis omitted). Whether the defendant actually knew that her action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). Davis may proceed against Lori Byrd[1] under the Fourteenth Amendment for denying him constitutionally adequate medical care for his shoulder injury by delaying an MRI or other necessary treatment, including the use of an arm brace.

However, Davis does not state a claim against Tracy Sullivan or Neal Propst. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the

---

[1] Lori Byrd answered Davis' medical requests. ECF 1-2 at 1-10. It is unclear whether she is making medical decisions or simply reporting the decisions of medical professionals. However, construing the complaint liberally, the court will assume that she is a decisionmaker and has the power to make decisions concerning Davis' care.

3

alleged deprivation of the plaintiff's constitutional rights."). Here, Davis alleges only that these defendants lied about requesting his medical records. He does not explain who these defendants are or otherwise allege they had any involvement in making decisions about his medical care.

Davis also seeks to hold Detention Deputy Childs responsible for the attack on him. Pretrial detainees are entitled to protection "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). "[T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). Here, Davis believed that he needed to be in the medical ward, the implication being that he was unable to protect himself given the injury to his shoulder. And Davis' concerns came to pass; he was assaulted, and his belongings stolen. This strikes the Court as enough to proceed against Deputy Childs.

Davis does not state a claim against Quality Correctional Care. Quality Correctional Care, the private company that provides medical care at the jail, can be held liable only if the corporation had an unconstitutional policy or custom that was the

4

"moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-36 (7th Cir. 2021). Such a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), "requires a plaintiff to show that he (1) suffered a deprivation of a federal right; (2) as a result of either an express [corporate] policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority; which (3) was the proximate cause of his injury." *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020) (quotation marks and alterations omitted). Here, Davis describes only the acts of individual staff members, which do not amount to a policy or custom attributable to Quality Correctional Care. Additionally, the Grant County Jail will be dismissed because the jail is a building, not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Looking at the motion for a preliminary injunction, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally

5

includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions "requiring an affirmative act by the defendant" like the one Davis seeks are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). In the prison context, the court's ability to grant injunctive relief is particularly limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in the correctional setting). In light of these limitations, the court will order a response to the preliminary injunction motion before taking further action.

6

The Sheriff of Grant County has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th r. 2011). Therefore, the Sheriff will be added as a defendant and Davis will be allowed to proceed on a Fourteenth Amendment claim against the Sheriff in his official capacity for injunctive relief related to his ongoing need for constitutionally adequate medical care. The court will order the Sheriff to respond to the preliminary injunction motion before taking further action on it. After the Sheriff's response, Davis will have 14 days to reply.

For these reasons, the court:

(1) DIRECTS the clerk to add as a defendant the Grant County Sheriff in his official capacity;

(2) GRANTS Joshua Lamar Moore leave to proceed against Lori Byrd in her individual capacity for compensatory and punitive damages for providing objectively unreasonable medical care for his shoulder injury by delaying an MRI or other necessary treatment, including the use of an arm brace, in violation of the Fourteenth Amendment;

(3) GRANTS Joshua Lamar Moore leave to proceed against Detention Deputy Childs for failing to protect Moore from assault by fellow inmates, in violation of the Fourteenth Amendment;

(4) GRANTS Joshua Lamar Moore leave to proceed against the Grant County Sheriff in his official capacity for permanent injunctive relief to receive constitutionally

7

adequate medical care for his shoulder injury to the extent required by the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Grant County Jail, Quality Correctional Care, Tracy Sullivan, and Neal Propst;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lori Byrd at Quality Correctional Care, LLC, with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 3);

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Detention Deputy Childs at the Grant County Jail, with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 3);

(9) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Grant County Sheriff at the Grant County Jail with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 3);

(10) DIRECTS the clerk to email or fax a copy of the same documents to the Grant County Sheriff at the Grant County Jail;

(11) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(12) ORDERS Quality Correctional Care, LLC, and Grant County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(13) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lori Byrd, Childs, and the Grant County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(14) ORDERS the Grant County Sheriff to file and serve a response to the motion for a preliminary injunction as soon as possible, but not later than **September 5, 2024**, (with supporting documentation and declarations from other staff as necessary) describing/explaining how Joshua Lamar Moore (a.k.a. Joshua Davis) is receiving constitutionally adequate medical care as required by the Fourteenth Amendment for his shoulder injury; and

(15) GRANTS Joshua Lamar Moore fourteen days to reply to the Sheriff's response to the motion for a preliminary injunction.

SO ORDERED on August 14, 2024.

       s/ *Holly A. Brady*
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT